# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEDNANSKY AND MARTINE MEDNANSKY,<br><br>            Plaintiffs,<br><br>   vs.<br><br>U.S.D.A. Forest Service employees THOMAS F. GILLETTE, SUSAN DeSONIA, SALLY D. GOODRICH, RICH TOBIN, TINA TERREL, AND 10 Unknown U.S.D.A. Forest Service Employees, and the United States Government of America,<br><br>            Defendants. | CASE NO. 07CV1425-LAB (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION FOR EXTENSION OF TIME IN WHICH TO SERVE DEFENDANTS** |

Plaintiffs filed their complaint on August 8, 2007. Ordinarily, under Fed. R. Civ. P. 4(m), they would be required to serve Defendants within 120 days — *i.e.*, December 4, 2007.[1] Rule 4(m) does, however, provide for an extension of time upon a showing of good cause. After the deadline, Plaintiffs, who are proceeding *in pro per*, sought an extension of time in which to serve the five named individual Defendants who are U.S. Forest Service employees. They submitted their *ex parte* application, which was accepted by discrepancy order for filing.

/ / /

---

[1] Plaintiffs miscalculate this date as December 6, 2007.

1    Plaintiffs explain that they had difficulty discovering the home addresses of certain
2 U.S. Forest Service employees and stated they would be filing a motion to compel the Forest
3 Service to provide the addresses.  Plaintiffs have filed no such motion, however, nor have
4 they provided any evidence of diligent efforts to locate these Defendants' addresses.
5 Plaintiffs also stated the Forest Service's Office of General Counsel misinformed them about
6 the General Counsel's legal ability to accept service of process for Forest Service employees
7 served in their individual capacity.  Plaintiffs state they did not realize their error in service
8 until Defendants filed a motion to dismiss, in part because of defective service.  Plaintiffs
9 were successful in serving individual Defendants Gillett and DeSonia on December 6, 2007,
10 but no others.

11    With their opposition to Plaintiffs' application, Defendants submit a declaration by Ritu
12 Ahuja, an attorney in the U.S. Department of Agriculture's Office of General Counsel, stating
13 an inquiry was made in the office and it appears at no time did Plaintiffs contact any attorney
14 in the office.

15    The Court finds Plaintiffs have not shown good cause for extending the time to serve
16 Defendants Goodrich, Tobin, or Terrel.  There is no evidence they were intentionally or
17 actively misled by Defendants or Defendants' counsel, or that they were even entitled to look
18 to Defendants' counsel to advise them about service.  Furthermore, there is no evidence
19 they diligently sought to serve these Defendants.  The fact that Plaintiffs are proceeding *in*
20 *pro per* and misunderstood service requirements does not excuse their failure to timely serve
21 these Defendants.  *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) ("[I]gnorance of
22 governing rules alone will not excuse a litigant's failure to effect timely service."); *King v.*
23 *Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of
24 procedure that govern other litigants.")

25    On the other hand, Plaintiffs did manage to serve Defendants Gillett and DeSonia two
26 days after the 120-day deadline had passed.  The Court therefore finds they were
27 reasonably diligent in attempting to serve these Defendants, and that their inability to locate
28 / / /

these Defendants' home addresses suffices to show good cause for granting an extension of two days.

Plaintiffs' *ex parte* application is therefore **DENIED** as to Defendants Goodrich, Tobin, and Terrel, but **GRANTED** as to Defendants Gillett and DeSonia, both of whom have now been served.

**IT IS SO ORDERED**.

DATED: 1-15-08

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge