# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEDNANSKY AND MARTINE MEDNANSKY,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>U.S.D.A. Forest Service employees THOMAS F. GILLETTE, SUSAN DeSONIA, SALLY D. GOODRICH, RICH TOBIN, TINA TERREL, AND 10 Unknown U.S.D.A. Forest Service Employees, and the United States Government of America,<br><br>　　　　　　　　Defendants. | CASE NO. 07CV1425-LAB (NLS)<br><br>**ORDER DENYING *EX PARTE* APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; AND**<br><br>**CERTIFICATION THAT APPEAL IS NOT TAKEN IN GOOD FAITH (28 U.S.C. § 1915(a)(3))**<br><br>**[Docket no. 54.]** |

On July 27, 2009, the Court issued an order dismissing this action without leave to amend. On September 23, 2009, Plaintiffs filed a notice of appeal together with an *ex parte* application to proceed *in forma pauperis* ("IFP") on appeal.

To proceed IFP on appeal, appellants must show not only a financial inability to pay the required fees, but the basis for the appeal. *See* 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (explaining that § 1915(a) applies to all persons, not only prisoners) (citation omitted).

/ / /

1       Plaintiffs/Appellants have not set forth the basis for their appeal as is required in
2 § 1915(a). Furthermore, their application shows they own outright their home, worth
3 $165,000, plus other assets. They also have modest income of $10,200 annually from
4 Social Security disability.

5       Even if Plaintiffs had otherwise shown why they should be allowed to proceed IFP,
6 the Court would deny it because it appears they have been dishonest with the Court to gain
7 an advantage either in the course of litigation or on appeal.

8       Although both Plaintiffs aver in the application under penalty of perjury that Plaintiff
9 David Mednansky was last employed in 1991 and Plaintiff Martine Mednansky was last
10 employed in March, 1998, the Amended Complaint is replete with allegations contradicting
11 this in great detail. The Amended Complaint blames Defendants' behavior beginning around
12 June 9, 2004 for causing both Plaintiffs' inability to work, resulting in great financial loss:

13-17 > Their altered emotional state has affected their ability to pursue **their normal modes of maintaining themselves financially**. As a result they have not been able to be very successful in building up a business they started just before the June 9, 2004 incident. The incident put them into a tumultuous state that would not allow them to be efficient enough to pursue the level of thinking and discipline necessary for their work. . . . This has affected their finances and has put them into financial jeopardy, because **they could not effectively pursue financial gain due to effects the mental distress brought them**.

18 (Amended Complaint (Docket no. 39) at 32:4–17 (emphasis added).)

19       The Amended Complaint makes even more specific claims as to Ms. Mednansky,
20 alleging Defendants' behavior "has put Ms. Mednansky into a tumultuous roller coaster
21 emotional state which has interfered with her ability to concentrate at the high level
22 necessary for her professional work." (Amended Complaint at 9:12–16.)

23       Plaintiffs also claimed, in great detail, that Defendants' behavior <u>beginning around
24 June, 2004</u> cut short Ms. Mednansky's profitable career as a scientific researcher and
25 publisher:

26 / / /
27 / / /
28 / / /

> Plaintiff Ms. Mednansky has suffered the most, financially and emotionally, from the emotional distress. The nature of her work requires using an advance[ ] level of analytical skills and knowledge. Ms. Mednansky has worked all her life for the betterment of mankind by pursuing basic research in biological sciences. She has worked for the French government and the United States government as a high level research scientist. She holds the degree of Ph.D. and a unique more advanced degree of D.Sc. The nature of her work requires concentration well beyond that required for the average type of profession. She works at the cutting edge, or frontier of knowledge, in research. She is a well published author of numerous scientific papers and is recognized as a leading world figure in her area of research. Forest Service employees' harassment, intimidation, and threats have significantly affected her ability to function at the level sufficient for her to be productive. **As a result her career has been damaged starting from the June 9, 2004 event continuing to [the] present time. Because her emotional state is in turmoil due to this distress she has suffered financially due to inability to be at her top level of productivity.** The damage the Forest Service has perpetrated upon Ms. Mednansky has not only caused her a financial loss but by preventing her to continue her research a loss has been suffered on all mankind. This is an outrage.

*Id*. at 32:18–33:13 (emphasis added). Although Plaintiffs also allege some property damage, emotional distress accompanied by physical symptoms, and dignitary harm for which nominal damages would be available, Plaintiffs' alleged lost income accounts for the bulk of their claimed economic damages.

Obviously, it cannot be true both that Ms. Mednansky last worked in March of 1998 and that Defendants put an end to her work beginning in June, 2004. Thus, either the declaration of financial need is materially false and misleading, or else the damages sought in the Amended Complaint are based in large part on false claims that Plaintiffs have taken no steps to correct, or possibly both. In view of Plaintiffs' filings in this case, the Court considers it more likely that Plaintiffs were in fact unable to work at their usual employment long before the events of June, 2004 and therefore that Defendants' actions did not cause Plaintiffs the financial loss they claim it did. Attempting to litigate claims known to be fanciful and baseless would show bad faith, as would attempting to litigate at public expense based on a false declaration. Either way, the Court concludes this appeal is not taken in good faith.

In a related case pending before this Court, *Mednansky v. Metz,* et al., 09cv1478, Plaintiffs are seeking relief against different Defendants from conduct alleged to be similar to and connected with the conduct alleged in this case. The Court cannot sanction them in

that case for their conduct in this case, *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071 (9th Cir. 1998), but they are admonished their conduct here could support a finding of sanctionable bad faith in the related case or any other case they may become involved in in the future.  The Court is disinclined to sanction them in this case, though this has no effect on any other penalties they might face.  Plaintiffs are, however, sternly admonished they must be truthful in all papers submitted to this Court, whether submitted under penalty of perjury or not.  *See* Fed. R. Civ. P. 11.

Plaintiffs'/Appellants' application to proceed IFP on appeal is hereby **DENIED** and the Court **CERTIFIES** this appeal is not taken in good faith.

**IT IS SO ORDERED**.

DATED:  September 28, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge